[Cite as *State v. Barnett*, 2013-Ohio-4936.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JEFFREY L. BARNETT | : | Case No. 12-CA-00010 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Perry County Court
of Common Pleas, Case No. 08-CR-
0070


JUDGMENT:     Affirmed in Part; Reversed
and Remanded in Part


DATE OF JUDGMENT:     November 6, 2013


APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

JOSEPH A. FLAUTT     JEFFREY L. BARNETT, PRO SE
Prosecuting Attorney     Inmate # 597-239
111 North High Street     P.O. Box 5500
P.O. Box 569     Chillicothe, OH 45601
New Lexington, OH 43764-0569

*Baldwin, J.*

{¶1} Defendant-appellant Jeffrey L. Barnett appeals his sentence issued by the Perry County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On September 19, 2008, the Perry County Grand Jury indicted appellant on fifteen (15) counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, fifteen (15) counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree, and fifteen (15) counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree. The indictment alleged that the offenses occurred on or about June 2004 to May 2005. At his arraignment on September 22, 2008, appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, on December 3, 2008, appellant withdrew his former not guilty plea and entered a plea of guilty to eleven (11) counts of sexual battery. The remaining counts were dismissed. On January 14, 2009, appellant was adjudicated a Tier II sex offender. Pursuant to a Judgment Entry filed on January 16, 2009, the trial court sentenced appellant to a definite prison sentence of one (1) year on each count and ordered that the sentences be served consecutively, for an aggregate prison sentence of eleven (11) years.

{¶4} Appellant, on February 17, 2012, filed a Motion for Resentencing, arguing that there was no final appealable order. After appellee filed a memorandum stating that the January 16, 2009 Judgment Entry was not a final appealable order, the trial court issued a Nunc Pro Tunc Judgment Entry on March 30, 2012.

{¶5}     Appellant filed a Notice of Appeal from the March 30, 2012 Judgment Entry on April 27, 2012.  After no appellant's brief was filed, this Court, as memorialized in a Judgment Entry filed on August 1, 2012, dismissed the appeal for want of prosecution.

{¶6}     On November 1, 2012, appellant filed a Motion to Reopen Appeal pursuant to App.R. 26(B). This Court granted such motion.

{¶7}     Appellant now raises the following assignments of error on appeal:

{¶8}     THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW IN THAT IT FAILED TO APPLY THE FACTORS MANDATED BY O.R.C. 2929.11 AND 2929.12(D) AND OHIO CRIM. R. 32.

{¶9}     THE CONSECUTIVE SENTENCES IMPOSED ON APPELLANT ARE AN ABUSE OF DISCRETION FOR  NOT PROPERLY CONSIDERING THE MITIGATING FACTORS ALONG WITH THE ENHANCEMENT FACTORS OF R.C. 2929.11; 2929.12; AND THE MISAPPLICATION OF R.C. 2929.14( C)(4).

{¶10}  THE TRIAL COURT ERRORED (SIC) IN SENTENCING DEFENDANT UNDER THE REQUIREMENTS OF SENATE BILL 10 (AWA) INSTEAD OF MEGAN'S LAW.

I

{¶11}  Appellant, in his first assignment of error, argues that his sentence is contrary to law because the trial court failed to apply the factors mandated by R.C. 2929.11, 2929.12(D) and Crim.R. 32.

{¶12}  R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review ... if the sentence is authorized by law, has been recommended

jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "In other words, * * * an agreed-upon sentence may not be [appealable] if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence." *State v. Underwood,* 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, ¶ 16. In *Underwood,* the Ohio Supreme Court held that R.C. 2953.08(D) did not prohibit appellate review of sentence for two counts of aggravated theft that were allied offenses of similar import and two counts of theft that were allied offenses of similar import. In so holding, the court stated, in relevant part, as follows: "Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." Id at paragraph 22.

{¶13} Appellant's sentence was part of a negotiated plea agreement and is authorized by law. Therefore, the sentence is not subject to review pursuant to R.C. 2953.08(D). Furthermore, the state agreed to dismiss the remaining charges. Appellant received a benefit and the trial court sentenced appellant to what was bargained for in the plea.

{¶14} Appellant's first assignment of error is, therefore, overruled.

II

{¶15}   Appellant, in his second assignment of error, argues that the trial court erred in imposing consecutive sentences on him.

{¶16}   As is stated above, [i]t is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, and is not subject to appellate review pursuant to R.C. § 2953.08(D)." *State v. Yeager,* 7th Dist. Carroll No. 03CA786, 2004–Ohio–3640, ¶ 21 (additional citations omitted). In the case sub judice, in exchange for appellant's guilty plea, appellant was sentenced in accordance with the plea agreement. Appellant has thus waived his right to appeal his consecutive sentences. See *State v. Davis,* 5th Dist. Muskingum No. CT2011–0033, 2012-Ohio-4922.

{¶17}   Appellant's second assignment of error is, therefore, overruled.

III

{¶18}   Appellant, in his third assignment of error, argues that the trial court erred in sentencing him under the requirements of Senate Bill 10 (the Adam Walsh Act) rather than those of Megan's law.

{¶19}   Appellant specifically argues that the Adam Walsh Child Protection Safety Act ("AWA"), as enacted by the Ohio General Assembly in Am. Sub. S.B. No. 10 and effective January 1, 2008, may not be applied retroactively to him.  In 1996, the General Assembly enacted Am. Sub. H.B. 180 ("Megan's Law"), which amended the state's sex offender registration process. *State v. Cook,* 83 Ohio St.3d 404, 406, 1998–Ohio–291, 700 N.E.2d 570. In 2007, the General Assembly enacted Am. Sub. S.B. 10, which

repealed Megan's Law and replaced it with Ohio's version of the Adam Walsh Act ("S.B.10").

{¶20}   In *State v. Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108, the Ohio Supreme Court held in the syllabus that, "2007 Am. Sub. S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."  (Emphasis added).The defendant in *Williams* committed the sexually oriented offenses before the effective date of S.B. 10. He was designated a Tier II sex offender by the trial court after the effective date of S.B. 10. *Williams* at ¶ 1–3. The Ohio Supreme Court held that application to S.B. 10 to him was unconstitutional.

{¶21}   In the case sub judice, the indictment alleged that appellant committed his offenses in 2004 and 2005.  Appellant pleaded guilty to eleven (11) counts of sexual battery, was sentenced in 2009 for such offenses, and was adjudicated a Tier II sex offender.  Appellant, therefore, committed his offenses prior to the enactment of the AWA and the trial court erred in applying the provisions of the Adam Walsh Act to him. We note that appellee concurs that the trial court "improperly used the provisions pursuant to the Adam Walsh Act rather than the provisions pursuant to Megan's Law."

{¶22}   Appellant's third assignment of error is, therefore, sustained.

{¶23} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded for proceedings in accordance with this Opinion.


By: Baldwin, J.

Gwin, P. J. and

Wise, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


CRB/dr

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY L. BARNETT | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 12-CA-00010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed in part and reversed and remanded in part. Costs assessed 50% to appellant and 50% to appellee.

HON. CRAIG R. BALDWIN

HON. W. SCOTT GWIN

HON. JOHN W. WISE