[Cite as *State v. Barnett*, 2016-Ohio-574.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEFFREY L. BARNETT | : | Case No. 15-CA-00011 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Perry County Court
of Common Pleas, Case No. 08-CR-
0070

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    February 16, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. FLAUTT                    DEBORAH N. FRIES
Prosecuting Attorney                    Gottlieb, Johnston, Beam &
111 North High Street                    Dal Ponte, P.L.L.
P.O. Box 569                    320 Main Street
New Lexington, Ohio 43764                    P.O. Box 190
                    Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   Appellant appeals a judgment of the Perry County Common Pleas Court overruling his motion for new trial.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   On September 19, 2008, the Perry County Grand Jury indicted appellant on fifteen counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree, fifteen counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree, and fifteen counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree. The indictment alleged that the offenses occurred on or about June 2004 to May 2005. At his arraignment on September 22, 2008, appellant entered a plea of not guilty to the charges.

{¶3}   On December 3, 2008, appellant withdrew his plea of not guilty and entered a plea of guilty to eleven counts of sexual battery. The remaining counts were dismissed. Appellant was adjudicated a Tier II sex offender and sentenced to a definite prison sentence of one year on each count.   The court ordered that the sentences be served consecutively, for an aggregate prison sentence of eleven years.

{¶4}   Appellant filed a Motion for Resentencing on February 17, 2012, arguing that there was no final appealable order. After appellee filed a memorandum stating that the January 16, 2009 Judgment Entry was not a final appealable order, the trial court issued a Nunc Pro Tunc Judgment Entry on March 30, 2012.  Appellant filed a Notice of Appeal from the March 30, 2012 Judgment Entry on April 27, 2012. This Court dismissed the appeal for want of prosecution when appellant failed to file a brief.

{¶5} On November 1, 2012, appellant filed a Motion to Reopen Appeal pursuant to App.R. 26(B). This Court granted the motion. Appellant argued that the court erred in imposing consecutive sentences, and that the court failed to comply with R.C. 2929.11, 2929.12(D) and Crim.R. 32. We overruled these assignments of error, finding that appellate review was barred by R.C. 2953.08(D) because the sentence was authorized by law as part of a negotiated plea agreement. *State v. Barnett,* 5th Dist. Perry No. 12-CA-00010, 2013-Ohio-4936. We sustained appellant's assignment of error as to his classification for registration as a sex offender, and the trial court re-classified appellant as a sexually oriented offender upon remand.

{¶6} Appellant subsequently filed several motions for resentencing. On March 19, 2015, appellant filed a motion characterized as a motion for new trial. The trial court denied the motion on April 14, 2015. Appellant assigns three errors:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES FOR AN AGGRAGATE [SIC] OF ELEVEN YEARS.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT RESENTENCED APPELLANT AND DID NOT LIST THE REASON FOR CONSECUTIVE SENTENCES AFTER AM. SUB. H.B. 86 REINSTATED STATUTORY LANGUAGE MADE INVALID UNDER *FOSTER.*

{¶9} "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND HIS PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY."

I., II.

{¶10} In his first two assignments of error, appellant argues that the court erred in sentencing him to consecutive sentences. Appellant argues that these assignments of error should not be barred by res judicata because he was not represented by counsel on his prior appeal.

{¶11} Although appellant's initial appeal was dismissed for want of prosecution, we reopened the appeal pursuant to App. R. 26(B) and considered the merits of appellant's claims concerning sentencing, finding the claims barred from appellate review by R.C. 2953.08(D). Appellant's arguments concerning consecutive sentencing are barred by res judicata by our prior opinion on the same issues.

{¶12} The first and second assignments of error are overruled.

III.

{¶13} In his third assignment of error, appellant argues that his counsel was ineffective in the plea process. Appellant concedes that the record does not demonstrate his claimed errors in the plea process, and the third assignment of error is therefore overruled.

{¶14} The judgment of the Perry County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.