[Cite as *State v. Owens*, 2016-Ohio-1203.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DIXIE OWENS | : | Case No. 15-CA-00015 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Perry County Court
                                 of Common Pleas, Case No. 14-CR-
                                 0083

JUDGMENT:                        Reversed and Remanded

DATE OF JUDGMENT:                March 21, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. FLAUTT                          JAMES S. SWEENEY
Perry County Prosecuting Attorney         James Sweeney Law, LLC
111 North High Street                     341 South Third Street, Suite 300
P.O. Box 569                              Columbus, Ohio 43215
New Lexington, Ohio 43764

*Baldwin, J.*

{¶1}   Appellant Dixie Owens appeals a judgment of the Perry County Common Pleas Court sentencing her to three years incarceration for complicity to illegal manufacture of drugs (R.C. 2925.04(A), (C)(3)) and one year incarceration for child endangering (R.C. 2919.22(B)(6)), to be served consecutively.  Appellee is the State of Ohio.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2}   On March 10, 2015, appellant entered a plea of guilty to complicity to illegal manufacture of drugs and child endangering.   The plea agreement included a recommended sentence of three years on the charge of complicity to illegal manufacture of drugs, and one year on the charge of child endangering, to be served consecutively. The State dismissed the remaining charges of complicity to illegal assembly or possession of chemicals for the manufacture of drugs, and complicity to aggravated possession of drugs.  The trial court ordered a presentence investigation.  On May 26, 2015, the court sentenced appellant in accordance with the agreed upon recommended sentence.  She assigns a single error on appeal:

{¶3}   "THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES."

{¶4}   Appellant argues that the court erred in imposing consecutive sentences without including the requisite statutory findings in the judgment entry.  Appellant and appellee agree that the court did make these findings when the court orally pronounced sentence from the bench, and the error in the written entry may be corrected by means

of a nunc pro tunc entry. Appellant also argues that the record does not include evidence to support the court's imposition of consecutive sentences.

{¶5} At the plea hearing, the State represented to the court that the parties agreed to the sentencing recommendation, and counsel for appellant stated that the State's representation was correct. Plea Tr. 2. Again at the sentencing hearing, the State asked for a sentence of three years on the charge of complicity to illegal manufacture of drugs and one year on child endangering, to be served consecutively. Sent. Tr. 2. Counsel for appellant stated, "That is my understanding of the plea negotiations those negotiations have been discussed with Ms. Owens and she understands those to be the case." Sent. Tr. 3.

{¶6} R.C. 2929.14(C)(4) provides for the imposition of consecutive sentences as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7}     In *State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, syllabus, the Supreme Court of Ohio stated that in order to impose consecutive sentences, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.   A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶ 34. Although the findings are to be made at the sentencing hearing and incorporated into the sentencing entry, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶ 30.

{¶8}     Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to review if the sentence is authorized by law, has been jointly recommended by the prosecutor and the defendant, and is imposed by a sentencing judge.  A sentence

is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. *State v. Underwood,* 124 Ohio St. 3d 365, 922 N.E.2d 923, 2010-Ohio-1. In *Underwood,* the Supreme Court concluded that R.C. 2953.08(D)(1) did not prohibit appellate review of a sentence for allied offenses of similar import. However, in so holding, the court stated, "Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." *Id.* at ¶22.

{¶9} In applying *Underwood* to cases where consecutive sentences were imposed in accordance with a joint recommendation of the prosecutor and the defendant, we have concluded that consecutive sentences are not "authorized by law" where the trial court fails to make the findings required by R.C. 2929.14. *State v. Fisher,* 5th Dist. Stark No. 2012CA00031, 2013-Ohio-2081, ¶23. However, we have concluded that a claim that the court misapplied the consecutive sentencing factors under the facts and circumstances of the case is not properly reviewable pursuant to R.C. 2953.08(D)(1) where the sentence was jointly recommended. *State v. Barnett,* 5th Dist. Perry No. 12-CA-00010, 2013-Ohio-4936.

{¶10} In the instant case, the sentence was not authorized by law because the court failed to incorporate the findings required by R.C. 2929.14 in its judgment entry. Because the court made the findings from the bench during the sentencing hearing, the

error may be corrected by a nunc pro tunc entry pursuant to *Bonnell, supra.* However, appellant's claim that the evidence in the record does not support the imposition of consecutive sentences is not reviewable pursuant to R.C. 2953.08(D)(1). The assignment of error is accordingly sustained in part and overruled in part.

{¶11} This judgment is reversed and remanded to the trial court with instructions to correct the sentencing entry in the instant case by virtue of a nunc pro tunc order. Costs are to be divided evenly between the parties.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.