**[Cite as *State v. Vohs*, 2025-Ohio-1107.]**

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| MARK A. VOHS | : | Case No. 2024CA0020 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Coshocton County
                                 Court of Common Pleas, Case No.
                                 2024 CR 0002

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                March 28, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BENJAMIN E. HALL                          TODD W. BARSTOW
Coshocton County Prosecuting Attorney     14 North Park Place
500 North 3rd Street,, Suite A            Newark, Ohio 43055
Coshocton, Ohio 43812

*Gormley, J.*

**{¶1}** Defendant Mark A. Vohs pled guilty in Coshocton County to a second-degree-felony charge of aggravated possession of drugs, and he was sentenced to an indefinite prison term with a minimum length of six years and a maximum length of nine years. A prison term of that length had been jointly recommended to the trial court by the parties as part of their plea agreement. Vohs's untimely appeal was allowed by this court. We now affirm.

**Facts and Procedural History**

**{¶2}** Vohs was indicted in January 2024 on one count of aggravated possession of drugs, a felony of the second degree. Even though Vohs was represented by appointed counsel, he acted pro se in filing a motion to suppress. The trial court did not consider that motion because it was not filed by counsel, and Vohs's counsel in fact moved to withdraw the motion at the outset of the change-of-plea hearing.

**{¶3}** In August 2024, Vohs and the prosecution reached a plea agreement that called for Vohs to plead guilty to the charge, and the parties jointly recommended that a prison term of six to nine years be imposed. The trial court accepted Vohs's plea and imposed the recommended sentence.

**{¶4}** The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22, and the judge also conducted the hearing in the way that Criminal Rule 11(C) requires, ensuring that Vohs was entering his guilty plea voluntarily, that he understood the nature of the criminal charge, that he understood the maximum penalties, that he understood the effect of a guilty plea, and that he understood that the immediate imposition of a sentence was possible. The trial judge thoroughly addressed, as well, the

constitutional rights spelled out in Criminal Rule 22(C)(2)(c), and Vohs expressed on the record not only his understanding of each of those rights but also his desire to waive them. Vohs himself, along with counsel for both parties, signed a written plea of guilty, and that document was promptly filed in the clerk's office in Coshocton County.

{¶5}  Once the trial judge accepted Vohs's guilty plea and made a guilty finding on the plea, the parties agreed that no presentence investigation was needed and that they were ready for the judge to impose a sentence. The judge accommodated that request and, after affording the parties an opportunity to be heard in accordance with Criminal Rule 32(A), he imposed the very sentence that the parties had jointly recommended: an indefinite prison term of six to nine years for the second-degree-felony aggravated-possession-of-drugs charge. The judge explained to Vohs that the minimum prison term was six years and the maximum term was nine years, and that the minimum prison term of six years was mandatory. The judge then granted Vohs 166 days of jail-time credit, and Vohs's counsel stated that he had no objection to the trial judge's finding on that issue.

{¶6}  Soon thereafter, Vohs filed an untimely notice of appeal, and new counsel was appointed to represent him here. This court granted counsel's motion to file a delayed appeal.

{¶7}  Once the record for this appeal was transmitted, Vohs's appellate counsel filed his appellate brief here. In that brief, Vohs's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicates that no colorable issues exist that might prompt this court to overturn Vohs's conviction and sentence. The appellate lawyer also indicated

in the brief that he had provided copies of it to both Vohs himself and to the prosecutor. Appellate counsel also moved to withdraw as counsel in the case.

{¶8} This court then sent a notice to the parties indicating that Vohs could file his own appellate brief and the State could of course respond to any such brief and to the *Anders* brief. The State filed a brief, but Vohs did not file his own brief.

## Our Review of the Record Supports the View of Vohs's Counsel: This Appeal Is Frivolous

{¶9} Under *Anders*, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id.* at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn.1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

{¶10} All of those steps have occurred in this appeal. Though the *Anders* brief filed by Vohs's appellate counsel in fact indicates that that lawyer could find no issues that might arguably support the appeal, we have undertaken our duty to independently examine the record to determine whether the appeal is frivolous. We find that it is.

### A. The Guilty-Plea Hearing Was Properly Conducted

{¶11} The trial judge properly conducted the plea-change hearing in this felony case on the record, and he addressed at that hearing the constitutional rights that must

be discussed, the nature of the charge, the maximum penalties, the effect of a guilty plea, and the possibility of an immediate sentence. The trial judge's colloquy with the defendant demonstrates, too, that the defendant entered his guilty plea knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change. The judge even took a brief recess during the hearing to allow Vohs to consult with his counsel about whether he would be entitled to a reduction of the minimum term of his sentence for "good days" while incarcerated. When the hearing resumed, the judge ensured that Vohs understood that he was subject to a mandatory six-year term of incarceration and that he was not eligible for any reduction of that sentence. Vohs indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

**{¶12}** Vohs signed a plea of guilty during the hearing. The written plea was also signed by Vohs's counsel, the prosecutor, and the trial judge. That plea document was filed in the trial court on the same afternoon as the hearing.

**{¶13}** In short, the plea fully comported with Ohio law. *See State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

### B. The Sentence Imposed Was the One Recommended by Both Parties in Their Plea Agreement

**{¶14}** The trial judge confirmed with the attorneys for both parties and with Vohs himself that none of them was requesting the preparation of a presentence report. The judge gave the attorneys and Vohs one last opportunity to address the judge about the sentence before it was imposed. Counsel requested that the judge impose the joint

recommendation of six to nine years, and Vohs stated he "want[ed] to get this over with." The judge then imposed the very sentence that the parties had recommended.

{¶15} "A sentence imposed upon a defendant is not subject to review under [R.C. 2953.08] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Owens*, 2016-Ohio-1203, ¶ 8, citing *State v. Underwood*, 2010-Ohio-1. The sentence in this case comports with all mandatory sentencing provisions.

{¶16} The sentence imposed by the trial judge was within the statutory range for a second-degree felony. R.C. 2929.14(A)(2)(a). And a prison term is statutorily mandated for the level and nature of the offense on which Vohs was convicted. R.C. 2929.13(F)(5). The judge considered Vohs's prior convictions and the sentencing factors set forth in R.C. 2929.12. The judge also advised Vohs that he would be subject to mandatory supervision by the Adult Parole Authority, for a period of up to three years but not less than 18 months, upon his release from prison. Vohs was also advised of the consequences of violating the conditions of post-release control.

{¶17} Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

{¶18} For the reasons explained above, we agree with the assessment of Vohs's appellate counsel and conclude that this appeal is frivolous. In accordance with *Anders*,

we grant counsel's request to withdraw as Vohs's lawyer, and we affirm the trial court's judgment.

By: Gormley, J.

Baldwin, P.J. and

Montgomery, J. concur.