[Cite as *State v. New*, 2025-Ohio-1532.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| ZACHARY L. NEW | : | Case Nos. CT2024-0114, |
| | : | CT2024-0115 |
| Defendant - Appellant | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas Case Nos.
CR2023-0799 and CR2024-0575

JUDGMENT:                              Affirmed

DATE OF JUDGMENT:                April 30, 2025

APPEARANCES:

For Defendant-Appellant

April F. Campbell
6059 Frantz Road, Suite 206
Dublin, Ohio 43017

*Gormley, J.*

{¶1}   Defendant Zachary L. New pled guilty in Muskingum County to four fifth-degree felonies related to his possession of drugs and stolen property.  Finding no error in the trial court's acceptance of New's guilty pleas, we now affirm.

**Facts and Procedural History**

{¶2}   In September 2023, New was pulled over by a Muskingum County deputy sheriff for driving an unregistered vehicle.  Once the deputy approached the vehicle, he saw inside it a clear plastic bag in plain view that contained what looked like fentanyl.

{¶3}   New was arrested and the vehicle was searched.  The deputy collected the plastic bag along with approximately 700 feet of fiber wire from both the passenger compartment and the trunk of the vehicle.  The substances in that plastic bag later tested positive for cocaine and fentanyl, and the fiber wire was determined to have been stolen from a nearby AT&T store.  On the day of the traffic stop, New was under post-release-control supervision for an earlier, unrelated crime.

{¶4}   New was charged with possession of a fentanyl-related compound, possession of cocaine, receiving stolen property, and possession of criminal tools.  In exchange for the state dropping the criminal-tools charge, New pled guilty to the possession-of-fentanyl, possession-of-cocaine, and receiving-stolen-property charges. The trial judge accepted New's guilty pleas and scheduled a sentencing hearing.

{¶5}   New failed to appear at that sentencing hearing, and the judge issued an arrest warrant.  A month later, several Muskingum County deputies encountered New when they were called to the site of a possible suicide threat.  New saw the deputies and

immediately fled on foot.  In the ensuing chase, a bag containing methamphetamine fell out of New's pocket.

{¶6}  New was then brought before the trial judge for sentencing on the original charges.  At that hearing, New also pled guilty to a possession-of-methamphetamine charge related to the bag that fell out of his pocket during the foot chase, and he was sentenced on that charge too.  On the possession-of-methamphetamine charge, New and the State jointly recommended a 12-month prison sentence.  No joint sentence recommendations were made for the other charges.

{¶7}  The trial judge merged the possession-of-fentanyl and possession-of-cocaine charges.  The State elected to proceed on the possession-of-fentanyl charge, and the judge sentenced New to 11 months in prison on that charge.  The judge also sentenced New to 11 months in prison on the receiving-stolen-property charge and 12 months in prison on the possession-of-methamphetamine charge.  After making the requisite findings, the trial judge ordered that the sentences be served consecutively, so New's aggregate prison sentence was 34 months.  In addition, the trial judge found that New's commission of new felony offenses while he was under post-release-control supervision justified the imposition of an additional prison term under R.C. 2929.141(A)(1).

{¶8}  New filed a timely notice of appeal, and appellate counsel was appointed to represent New in his appeal.

{¶9}  Once a transcript of the plea-and-sentencing hearing was transmitted, New's appellate counsel filed her brief here.  In that brief, New's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicates that no colorable issues exist

that might prompt this court to overturn New's convictions and sentence. The appellate attorney also indicated in the brief that she had provided copies of it to both New himself and to the prosecutor. The appellate attorney also moved to withdraw as counsel in the case.

{¶10} This court then sent a notice to the parties indicating that New could file his own appellate brief and that the State could of course respond to any such brief and to the *Anders* brief. No additional briefs beyond the original *Anders* brief have been filed here.

## Our Review of the Record Supports the View of New's Counsel: This Appeal Is Frivolous

{¶11} Under *Anders*, of course, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id.* at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn.1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

{¶12} All of those steps have occurred in this appeal. Though the *Anders* brief filed by New's appellate counsel in fact indicates that that lawyer could not find any issues that might arguably support the appeal, we have undertaken our duty to independently

examine the record and determine whether the appeal is frivolous. We agree with New's attorney and find that it is.

### A. The Guilty-Plea Hearings Were Properly Conducted

**{¶13}** The record reflects that the trial judge properly conducted the original guilty-plea hearing, and he addressed at that hearing the constitutional rights that must be discussed, the nature of the charges, the maximum penalties, the effect of the guilty pleas on New's earlier post-release control, the restitution that New would be required to pay, and the possibility of an immediate sentence. The trial judge's colloquy with New demonstrates, too, that New entered his guilty pleas knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change. New was represented by counsel, and he indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

**{¶14}** The record also reflects that the trial judge properly conducted the second guilty-plea hearing that occurred when New was charged with possession of methamphetamine. At that hearing, the judge again ensured that New's guilty plea was entered into knowingly, intelligently, and voluntarily by advising New of the nature of the charge and the consequences of his plea. New again expressed that he understood his rights and the implications of his plea, and he told the judge that he was satisfied with the representation of his attorney.

**{¶15}** In short, both pleas fully comported with Ohio law. *See State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525,

527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

### B. New's Sentence Was Not Contrary to Law

**{¶16}** New's sentence involved matters relating to post-release-control violations, merger of charges, consecutive sentencing, and recommended sentences. The trial judge correctly followed Ohio law on these matters in sentencing New.

**{¶17}** New was serving a period of post-release control when he pled guilty to new felony charges. As a condition of that earlier post-release control, New was prohibited from committing any felonies. When he committed additional felony offenses while on post-release control, the trial judge was authorized to impose a consecutive prison term for either the balance of the remaining post-release-control period, or one year, whichever was greater. R.C. 2929.141(A)(1).

**{¶18}** At the time of the sentencing hearing, New had 15 months remaining on his post-release-control term, so the trial judge's imposition of that time as a consecutive prison term with the sentences on New's other felony charges was permissible. And the 11-month sentences imposed on the possession-of-fentanyl charge and the receiving-stolen-property charge were within the statutory range for fifth-degree felonies. R.C. 2929.14(A)(5).

**{¶19}** Moreover, the 12-month sentence on the possession-of-methamphetamine charge was jointly recommended by New and the prosecution. Such sentences are not reviewable. R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Owens*, 2016-Ohio-1203, ¶ 8 (5th Dist.), citing *State v. Underwood*,

2010-Ohio-1. The 12-month sentence comported with all mandatory sentencing provisions.

**{¶20}** Lastly, the trial judge made all appropriate findings to impose the sentences consecutively. A sentencing judge may impose consecutive sentences if that judge makes the required findings under R.C. 2929.14(C)(4). The trial judge here made those findings, noting that consecutive sentences were necessary to protect the public, that at least two of the offenses were committed as part of a course of conduct, and the harm caused by those offenses was so great or unusual that no single prison term for those course-of-conduct offenses would adequately reflect the seriousness of the conduct.

**{¶21}** Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

**{¶22}** For the reasons explained above, we agree with the assessment of New's appellate counsel and conclude that this appeal is frivolous. In accordance with *Anders,* we grant counsel's request to withdraw as New's lawyer, and we affirm the trial court's judgment.


By: Gormley, J.

Hoffman, P.J. and

Popham, J. concur.