[Cite as *State v. Bibbins*, 2025-Ohio-4341.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0020 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2024-0613 |
| BRYDEN L. BIBBINS, | |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment: September 12, 2015 |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: April F. Campbell, for Defendant-Appellant.

*Gormley, J.*

{¶1}  Defendant-Appellant Bryden Bibbins pled guilty in Muskingum County to two first-degree-felony charges of trafficking in a fentanyl-related compound, and he pled guilty as well to firearm and major-drug-offender specifications.  The trial court sentenced Bibbins to a jointly recommended indefinite prison term with an aggregate minimum length of 22 years.  Finding no error in the trial court's acceptance of Bibbins's guilty plea and no error in the sentence imposed, we now affirm.

**The Key Facts**

{¶2}  In August 2024, Bibbins and his co-defendants were in a vehicle that was pulled over by Muskingum County deputies for three traffic violations.  During the traffic stop, the deputies found in the vehicle large amounts of drugs and a machine gun.

**{¶3}** Bibbins was indicted on six first-degree-felony drug charges, and the indictment included firearm and major-drug-offender specifications too.

**{¶4}** On the second day of Bibbins's jury trial in December 2024, the parties reached a plea deal that called for Bibbins to plead guilty not only to two F1 counts of trafficking in a fentanyl-related compound (with the amount of the drug being at least 100 grams or at least 1,000 unit doses in each of those charges) but also to the specifications appended to those charges. In their plea agreement, the parties jointly recommended that the trial judge impose a prison term with an aggregate minimum length of 22 years.

**{¶5}** The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22, and the judge also conducted the hearing in the way that Criminal Rule 11(C) requires, ensuring that Bibbins was entering his guilty pleas voluntarily, that he understood the nature of the criminal charges, that he understood the maximum penalties, that he understood the effect of a guilty plea, and that he understood that the immediate imposition of a sentence was possible. The trial judge thoroughly addressed, as well, the constitutional rights spelled out in Criminal Rule 11(C)(2)(c), and Bibbins expressed on the record not only his understanding of each of those rights but also his desire to waive them.

**{¶6}** Bibbins himself, along with counsel for both parties, signed a written plea of guilty, and that document was promptly filed in the clerk's office in Muskingum County. Once the trial judge had accepted Bibbins's guilty pleas and made guilty findings on those pleas, the judge ordered that a presentence investigation be conducted.

**{¶7}** At the sentencing hearing several weeks later, the parties agreed, in accordance with R.C. 2929.14(B)(1)(b), that just one prison term should be imposed for

the multiple firearm specifications that were part of the plea agreement, and the State requested that Bibbins be sentenced, for one automatic-firearm specification, to a mandatory definite prison term of six years in accordance with R.C. 2929.14(B)(1)(a)(i). The judge accommodated that request, and, after affording the parties an opportunity to be heard in accordance with Criminal Rule 32(A), he imposed the very sentence that the parties had jointly recommended: an indefinite mandatory prison term with a minimum length of 11 years and a maximum length of 16.5 years on each of the two counts of trafficking in a fentanyl-related compound (with those sentences on the two counts to be served concurrently), plus a mandatory five-year prison term on a major-drug-offender specification, plus the six-year prison term for the automatic-firearm specification (with the sentences on the specifications to be served consecutively to the prison terms on the underlying drug charges). The trial judge also imposed the mandatory minimum fines contemplated by R.C. 2929.18(B)(1) for each of the two drug charges.

{¶8} The judge explained to Bibbins that the minimum prison term for the drug charges was 11 years and the maximum prison term was 16.5 years, and the judge told Bibbins that his prison terms for his drug offenses were mandatory prison terms. The judge also explained that the six-year prison term for the automatic-firearm specification and the five-year prison term for the major-drug-offender specification were mandatory and that those prison terms would be served by Bibbins consecutively to the indefinite prison terms on the drug charges themselves. The judge then noted that Bibbins was entitled to 158 days of jail-time credit, and Bibbins's counsel stated that she had no objection to the trial judge's finding on that issue.

**{¶9}** Soon thereafter, Bibbins filed a handwritten letter stating his desire to pursue an appeal. New counsel was then promptly appointed to represent him here.

**{¶10}** Once the record for this appeal was transmitted, Bibbins's appellate counsel filed an appellate brief on his behalf. In that brief, Bibbins's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicates that no colorable issues exist that might prompt this court to overturn Bibbins's convictions and sentence. The appellate lawyer also indicated in the brief that she had provided copies of it to both Bibbins himself and to the prosecutor. Appellate counsel also moved to withdraw as counsel in the case.

**{¶11}** This court then sent a notice to the parties indicating that Bibbins could file his own appellate brief and the State could of course respond to any such brief and to the *Anders* brief. No additional briefs beyond the original *Anders* brief have been filed here.

## Our Review of the Record Supports the View of Bibbins's Counsel: This Appeal Is Frivolous

**{¶12}** Under *Anders*, of course, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id*. at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn.1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

**{¶13}** All of those steps have occurred in this appeal. Though the *Anders* brief filed by Bibbins's appellate counsel in fact indicates that that lawyer could not find any issues that might arguably support the appeal, we have undertaken our duty to independently examine the record so that we can determine for ourselves whether the appeal is frivolous. We agree with Bibbins's attorney and find that it is.

### A. The Guilty-Plea Hearing Was Properly Conducted

**{¶14}** The trial judge properly conducted the plea-change hearing in this felony case on the record, and he addressed at that hearing the constitutional rights that must be discussed, the nature of the charges, the maximum penalties, the effect of a guilty plea, and the possibility of an immediate sentence. The trial judge's colloquy with the defendant demonstrates, too, that the defendant entered his guilty plea knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change. Bibbins indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

**{¶15}** Bibbins signed a plea of guilty that was presented to the trial judge during the hearing. The written plea was also signed by Bibbins's counsel and by the prosecutor. That plea document was filed in the trial court on the same morning as the hearing.

**{¶16}** In short, the plea fully comported with Ohio law. *See State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

**B. Bibbins's Sentence Was Not Contrary to Law**

**{¶17}** At the sentencing hearing, the trial judge gave the attorneys and Bibbins one last opportunity to address the judge about the sentence before it was imposed. Counsel requested that the judge impose the joint recommendation, and the judge did in fact impose that recommended sentence.

**{¶18}** "A sentence imposed upon a defendant is not subject to review under [R.C. 2953.08] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Owens*, 2016-Ohio-1203, ¶ 8 (5th Dist.), citing *State v. Underwood*, 2010-Ohio-1. The sentence in this case comports with all mandatory sentencing provisions.

**{¶19}** The sentence imposed by the trial judge was a mandatory sentence both for the offenses and for the specifications to which Bibbins pled guilty. Under R.C. 2925.03(C)(9)(h), "trafficking in a fentanyl-related compound is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." R.C. 2929.14(A)(1)(a) provides that any prison term for a felony of the first degree committed after March 22, 2019 is an indefinite prison term with a minimum length of up to 11 years and a maximum length determined under R.C. 2929.144. The automatic-firearm specification required, according to R.C. 2941.144(A) and R.C. 2929.14(B)(1)(a)(i), imposition of a six-year mandatory prison term. And the major-drug-offender specification

required imposition of a mandatory prison term of three, four, five, six, seven, or eight years.  R.C. 2941.1410(B) and R.C. 2929.14(B)(11).

{¶20} The judge considered Bibbins's prior criminal record and the sentencing factors set forth in R.C. 2929.12.  The judge also advised Bibbins that he would, after his release from prison, be subject, in accordance with R.C. 2967.28(B)(2), to a mandatory period of post-release-control supervision by the Ohio Adult Parole Authority for a period of at least two years and up to five years.  Bibbins was also advised of the consequences of violating the conditions of post-release control.

{¶21} Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

{¶22}  For the reasons explained above, we grant defense counsel's May 5, 2025 motion to withdraw, and we affirm the judgment of the Court of Common Pleas of Muskingum County.  Costs are to be paid by Appellant Bryden Bibbins.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.