[Cite as *State v. Johnson*, 2026-Ohio-715.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25-COA-009 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Ashland County, Case No. 23-CRI-312 |
| CODY JOHNSON, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: March 2, 2026 |

BEFORE: Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Christopher R. Tunnell (Ashland County Prosecuting Attorney) & James B. Reese III (Assistant Prosecuting Attorney), Ashland, Ohio, for Plaintiff-Appellee; Brian A. Smith, Fairlawn, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}    Defendant Cody Johnson pled guilty in Ashland County to one fifth-degree-felony charge of aggravated possession of drugs. When the trial court sentenced Johnson to ten months in prison on the charge, the trial court also terminated Johnson's post-release-control period for an earlier felony case and imposed additional prison time under R.C. 2929.141(A)(1). Finding no error in the trial court's acceptance of Johnson's guilty plea and no error in the sentence imposed, we now affirm.

**The Key Facts**

{¶2}    In July 2023, Johnson was driving a vehicle that was owned by the passenger who was with him. A law-enforcement officer stopped the vehicle after observing a minor traffic violation, and Johnson was then arrested once the officer learned

that an arrest warrant had been issued for him.  A bag of white powder was found in the pocket of his shorts, and a vehicle search revealed a needle, a bag of suspected heroin, a scale, and burnt foil.  Johnson acknowledged that these items were his.

{¶3}   Johnson was indicted on three drug-related charges, and the parties reached a plea deal that called for Johnson to plead guilty to one fifth-degree-felony count of aggravated possession of drugs.   In their plea agreement, the parties jointly recommended that the trial judge impose a prison term of ten months, and they recommended, too, that Johnson's period of post-release-control supervision for a Richland County case be terminated and that the remainder of his supervision time in that case be imposed as an additional consecutive prison term.

{¶4}   The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22, and the judge also conducted the hearing in the way that Criminal Rule 11(C) requires, ensuring that Johnson was entering his guilty plea voluntarily, that he understood the nature of the criminal charge, that he understood the maximum penalty, that he understood the effect of a guilty plea, and that he understood that the immediate imposition of a sentence was possible.  The trial judge thoroughly addressed, as well, the constitutional rights spelled out in Criminal Rule 11(C)(2)(c), and Johnson expressed on the record not only his understanding of each of those rights but also his desire to waive them.

{¶5}   Johnson himself, along with counsel for both parties, signed a waiver of constitutional rights and plea of guilty, and that document was promptly filed in the clerk's office in Ashland County.  Once the trial judge had accepted Johnson's guilty plea and had made a guilty finding on that plea, the judge inquired if there was any reason why the

court should not immediately proceed with sentencing. Johnson requested a delay so that he could perhaps assist his mother following an upcoming hip-surgery appointment of hers, but the trial court denied that request.

{¶6} At the sentencing phase of the hearing, the trial judge afforded the parties an opportunity to be heard in accordance with Criminal Rule 32(A). The trial judge imposed the very sentence that the parties had jointly recommended: a ten-month prison term on the aggravated-possession-of-drugs charge, the termination of Johnson's post-release-control period in a Richland County case for which he was then under the Ohio Adult Parole Authority's supervision, and the imposition of an additional consecutive prison term of 521 days (with 281 days of jail-time credit) in that Richland County case.

{¶7} Soon thereafter, Johnson filed a handwritten request for an appeal. New counsel was then promptly appointed to represent him here.

{¶8} Once the trial-court record for the appeal here had been transmitted, Johnson's appellate counsel filed a brief on Johnson's behalf. In that brief, Johnson's counsel, in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicated that no colorable issues exist that might prompt this court to overturn Johnson's conviction and sentence. The appellate lawyer also indicated in the brief that he had provided copies of it to both Johnson himself and to the prosecutor. Appellate counsel also moved to withdraw as counsel in the case.

{¶9} This court then sent a notice to the parties indicating that Johnson could file his own appellate brief, and the State was of course given an opportunity to respond to any such brief and to the *Anders* brief. The State filed a brief, but Johnson did not file his own brief.

## Our Review of the Record Supports the View of Johnson's Counsel: This Appeal is Frivolous

**{¶10}** Under *Anders*, court-appointed appellate counsel in a criminal case is permitted to indicate — after the attorney has conscientiously reviewed the full record — that any possible grounds for an appeal in the case appear to be frivolous. *See id.* at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn.1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. And then finally, the court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

**{¶11}** All of those steps have occurred in this appeal. Though the *Anders* brief filed by Johnson's appellate counsel in fact indicates that that lawyer could find no issues that might arguably support the appeal, we have undertaken our duty to independently examine the record to determine whether the appeal is frivolous. We find that it is.

### A. The Guilty-Plea Hearing Was Properly Conducted

**{¶12}** The trial judge properly conducted the plea-change hearing in this felony case on the record, and he addressed at that hearing the constitutional rights that must be discussed, the nature of the charge, the maximum penalties, the effect of a guilty plea, and the possibility of an immediate sentence. The trial judge's colloquy with the defendant demonstrates, too, that the defendant entered his guilty plea knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change.

Johnson indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

{¶13} Johnson signed a waiver of constitutional rights and plea of guilty that the trial judge reviewed with Johnson during the hearing. The written plea was also signed by Johnson's counsel, the prosecutor, and the trial judge. That plea document was filed in the trial court after the hearing.

{¶14} In short, the plea fully comported with Ohio law. *See State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

## B. The Sentence Was Not Contrary to Law

{¶15} At the sentencing hearing, the trial judge gave the attorneys and Johnson one last opportunity to address the judge about the sentence before it was imposed. Counsel requested that the judge impose the joint recommendation, and the judge did in fact impose that recommended sentence.

{¶16} "A sentence imposed upon a defendant is not subject to review under [R.C. 2953.08] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Owens*, 2016-Ohio-1203, ¶ 8 (5th Dist.), citing *State v. Underwood*, 2010-Ohio-1. The sentence in this case comports with all mandatory sentencing provisions.

{¶17} The sentence imposed by the trial judge was within the statutory range set by R.C. 2929.14(A)(5) for a fifth-degree felony. The judge indicated that he had considered the case history, the statements of Johnson and counsel, the principles and purposes of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. And in the Richland County case in which Johnson was under post-release-control supervision, the judge, in accordance with R.C. 2929.141(A)(1), converted Johnson's remaining supervision time to a consecutive prison term. Nothing about the sentence or its imposition was improper, and any challenge to it now is frivolous.

{¶18} For the reasons explained above, we grant defense counsel's September 22, 2025 motion to withdraw, and we affirm the judgment of the Court of Common Pleas of Ashland County. Costs are to be paid by Appellant Cody Johnson.

By: Gormley, J.;

King, P.J. and

Montgomery, J. concur.