**[Cite as *State v. Bartos*, 2026-Ohio-1219.]**

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff - Appellee

-vs-

WARREN D. BARTOS

    Defendant - Appellant

Case No. 2025 AP 06 0025

Opinion And Judgment Entry

Appeal from the Tuscarawas County
Court of Common Pleas,
Case No. 2024 CR 09 0308

Judgment:  Affirmed

Date of Judgment Entry: April 2, 2026


BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: NO APPEARANCE, for Plaintiff-Appellee; GEORGE URBAN, for Defendant-Appellant


OPINION

*Popham, J.,*

{¶1}    Defendant-appellant Warren D. Bartos pled guilty in Tuscarawas County to the following charges: (1) Trespass in a Habitation when a person is present or likely to be present, a fourth degree felony, (2) Possession of a Controlled Substance (fentanyl-related compound), a fifth degree felony; (3) Aggravated Possession of Drugs (methamphetamine), a fifth degree felony; (4) and Resisting Arrest, a second degree misdemeanor. The trial court then imposed a community control sanction on Bartos. Finding no error in the trial court's acceptance of Bartos' guilty pleas and no error in the sentence imposed, we now affirm.

*Facts & Procedural History*

{¶2}   On May 10, 2024, Bartos entered his mother's residence while she was on vacation and after he had previously been evicted from the home.  When the police arrived, Bartos ran into the crawl space to hide.  The police found Bartos in possession of a fentanyl-related compound and methamphetamine.

{¶3}   Bartos was indicted on one count of burglary, one count of trespass in a habitation when a person is present or likely to be present, one count of possession of a controlled substance (fentanyl-related compound), one count of aggravated possession of drugs (methamphetamine), and one count of resisting arrest.  The parties reached a plea deal that called for the State to dismiss the burglary charge and Bartos to plead guilty to the remaining charges.  In their plea agreement, the parties jointly recommended that the trial judge impose community control sanctions.

{¶4}   The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22, and the judge also conducted the hearing in the way that Criminal Rule 11(C) requires, ensuring that Bartos was entering his guilty pleas voluntarily, that he understood the nature of the criminal charges, that he understood the maximum penalties, and that he understood the effect of a guilty plea.  Additionally, the trial judge thoroughly addressed the constitutional rights spelled out in Criminal Rule 11(C)(2)(c), and Bartos expressed on the record his understanding of those rights and his desire to waive them.  Bartos himself, along with his counsel, signed a plea of guilty form, and that document was promptly filed in the clerk's office in Tuscarawas County.  Once the trial judge accepted Bartos' guilty pleas, he ordered a pre-sentence investigation report.

{¶5} At the sentencing hearing, the trial judge afforded the parties an opportunity to be heard in accordance with Criminal Rule 32(A). The trial judge imposed the sentence the parties had jointly recommended: one year of community control.

{¶6} Bartos requested counsel for an appeal. New counsel was then promptly appointed to represent him here.

{¶7} Appellate counsel for Bartos filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that no colorable appellate issues exist that might prompt this Court to overturn Bartos' convictions and sentence. Counsel also indicated in the brief that he had provided copies of it to both Bartos and the prosecutor. Appellate counsel also moved to withdraw as counsel in the case.

{¶8} After receiving that *Anders* brief, this Court sent notice to the parties indicating that Bartos could file his own appellate brief, and the State was given an opportunity to respond to any such brief and to the *Anders* brief. No additional briefs - from either Bartos himself or the State - have been filed.

*Our Review of the Record*

{¶9} Under *Anders*, court-appointed appellate counsel in a criminal case is permitted to indicate – after counsel has conscientiously reviewed the full record – that any possible grounds for an appeal in the case appear to be frivolous. *See Id.* at 744. When such a brief is filed, *Anders* instructs counsel to file a brief identifying anything in the record that might arguably support the appeal. *See State v. Sergent*, 2016-Ohio-2696, ¶ 8, fn. 1. The court of appeals should then ensure that the indigent defendant receives a copy of that brief and should give the defendant an opportunity to raise any arguments that he or she would like to present in the appeal. *Anders* at 744. Finally, the appellate

court itself should fully examine the case record to determine whether the appeal is frivolous. *Id.*

{¶10} All of those steps have occurred in this appeal. Although the *Anders* brief filed by Bartos' counsel indicates that counsel could find no issues that might arguably support the appeal, we have undertaken our duty to independently examine the record to determine whether the appeal is frivolous. We find that it is.

*Guilty Plea Hearing*

{¶11} The trial judge properly conducted the plea-change hearing in this felony case on the record, and he addressed at that hearing the constitutional rights that must be discussed, the nature of the charges, the maximum penalties, and the effect of a guilty plea. The trial judge's colloquy with Bartos demonstrates that Bartos entered his guilty pleas knowingly and voluntarily and with a full understanding of his rights and of the implications of the plea change. Bartos indicated to the trial judge that he was satisfied with the work that his attorney had done in the case.

{¶12} Bartos signed a written plea of guilty form that the trial judge reviewed with Bartos during the hearing. The written plea was also signed by Bartos' counsel and was filed with the Tuscarawas County Clerk of Courts after the hearing.

{¶13} In short, the plea fully complied with Ohio law. *See State v. Veney*, 2008-Ohio-5200, ¶ 8 ("Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest"); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily").

*Sentence Not Contrary to Law*

**{¶14}** At the sentencing hearing, the trial judge gave the attorneys and Bartos an opportunity to address the court regarding the sentence before it was imposed. Counsel requested that the judge impose the joint recommendation, which, in fact, the court imposed.

**{¶15}** "A sentence imposed upon a defendant is not subject to review under R.C. 2953.08 if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Owens*, 2016-Ohio-1203, ¶ 8 (5th Dist.), citing *State v. Underwood*, 2010-Ohio-1. The sentence in this case comports with all mandatory sentencing provisions.

**{¶16}** The sentence imposed by the trial judge was within the statutory range. The judge indicated he considered the case history, the statements of the parties, the pre-sentence investigation report, the principles and purposes of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Nothing about the sentence or its imposition was improper, and any challenge thereto is frivolous.

**{¶17}** For the reasons explained above, we grant appellate counsel's motion to withdraw, and we affirm the judgment of the Tuscarawas County Court of Common Pleas.

For the reasons stated in our Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

Costs are to be paid by Appellant Warren D. Bartos.

By: Popham, J.

Baldwin, P.J. and

Gormley, J., concur